JOURNAL ENTRY and OPINION
Appellant Shawn Thomas appeals the decision of the trial court convicting him of robbery and sentencing him accordingly. Thomas assigns the following error for our review:
THE VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Having reviewed the record and the legal arguments of the parties, we affirm the decision of the trial court. The apposite facts follow.
At the end of appellant Shawn Thomas' bench trial, the trial judge found him guilty of robbing fourteen year old Julian McCalebb. McCalebb testified at the trial that while walking home, Thomas approached him from behind, placed a hard object against his back, and demanded money. McCalebb further testified Thomas ultimately reached into McCalebb's pocket, removed $8.00 in cash, and ordered McCalebb to run. McCalebb ran home, and while doing so, he looked back and recognized Thomas as the robber. He knew Thomas as someone who dated his mother.
After the robbery, McCalebb feared leaving his home. When pressed about his changed behavior, he told his mother Thomas had robbed him. She called the police and reported the robbery.
The state of Ohio's prosecutor offered the testimony of McCalebb's aunt, Gladys Bell, who testified Thomas threatened her and her family after the robbery.
McCalebb testified Thomas and Thomas' brother, David, came to McCalebb's home and threatened McCalebb and his family. He also stated he saw Thomas on three occasions after the robbery and on two occasions, Thomas acted menacingly toward McCalebb. He testified he feared Thomas would harm him.
Detective Ronald LaRiche testified McCalebb told him Thomas robbed him. Thomas' defense pointed out three minor inconsistencies between McCalebb's earlier preliminary hearing testimony and his later trial testimony: the date of the robbery, his knowledge of Thomas, and his identity of Thomas immediately after the robbery.
After finding Thomas guilty, the trial judge sentenced him to two years in prison with credit for time served. This appeal followed.
In his sole assignment of error, Thomas argues the trial court erred because the manifest weight of the evidence favors his acquittal. When evaluating the manifest weight of the evidence, a reviewing court must examine the entire record, weight of the evidence, draw reasonable inference from the evidence, consider the credibility of witnesses, and determine whether in resolving conflicts in the evidence, the jury lost its way and created a manifest miscarriage of justice. The ultimate goal of the reviewing court is to determine whether the new trial is mandated. We should grant a new trial only in the "exceptional case in which the evidence weighs heavily against conviction." State v. Lindsey
(Jan. 19, 2000), 87 Ohio St.3d 479, 483, 721 N.E.2d 995, 1002, citing State v. Thompkins (1997), 78 Ohio St.3d 380, 387,678 N.E.2d 541, 547, reconsideration denied (1997), 79 Ohio St.3d 1451,680 N.E.2d 1018-1024 and State v. Martin (1983), 20 Ohio App.3d 172,175, 485 N.E.2d 717, 720-721.
An appellate court reverses a conviction on the basis that the verdict is against the weight of the evidence acts as a "thirteenth juror" and "disagrees with the factfinder's resolution of the conflicts in the testimony." Thompkins, 78 Ohio St.3d at 388,678 N.E.2d at 546-547, citing Tibbs v. Florida (1982), 457 U.S. 31, 42,102 S.Ct. 2211, 72 L.Ed.2d 652. Because the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact, every reasonable presumption must be made in favor of the judgment and the trial court's findings of fact. State v.Thompson (Mar. 1, 2000), Lorain App. No. 98CA007112, unreported, citing State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus and Karches v. Cincinnati (1988),38 Ohio St.3d 12, 19, 526 N.E.2d 1350.
Thomas argues the trial judge's verdict to convict rests on impeached, uncertain, unreliable testimony. He points to the inconsistencies in McCalebb's testimony and attacks the reliability of McCalebb and his aunt. However, it is well settled that resolving conflicts in the testimony of witnesses is primarily for the trier of fact. "If there is substantial evidence in the record that, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt, a court of appeals may not reverse a conviction as against the manifest weight of the evidence." State v. Johnson (Sept. 3, 1998), Cuyahoga App. No. 73178, unreported, citing State v. Walker (1978), 55 Ohio St.2d 208,213, 378 N.E.2d 1049, certiorari denied (1979), 441 U.S. 924,99 S.Ct. 2033, 60 L.Ed.2d 397.
The trial judge specifically addressed the conflicting testimony on the record when rendering its verdict.
 The court carefully considered the arguments of defense relative to the inconsistencies in the preliminary hearing, the testimony of the young man; however, the Court feels that his consistent statements given at the time of his report to the police as well as testimony in Court far outweigh the inconsistent testimony of preliminary hearing. In addition, the material testimony at the preliminary hearing was that the defendant robbed him and that testimony has never changed. Further, the Court considered that Miss Bell's testimony would have to be concocted for some reason. No reason was presented to this Court. She didn't even know the defendant prior to him coming to her home. Considering all of these factors, the Court finds the elements were met beyond a reasonable doubt.
(Tr. 124-125.)
We cannot say the trial court erred in resolving the conflicts in the testimony or a manifest injustice occurred. McCalebb testified he recognized Thomas' voice, and while running from the scene of the robbery, he looked back and recognized Thomas. McCalebb stated he saw Thomas nearly every day for two months when Thomas dated his mother, and Thomas on several occasions spent the night at his house. Accordingly, after reviewing the entire record, we conclude the State's evidence, if believed, would convince a reasonable factfinder of Thomas' guilt beyond a reasonable doubt. Thomas' assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON. P.J., and KENNETH A. ROCCO. J., CONCUR.
 ______________________________ PATRICIA ANN BLACKMON, JUDGE